O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILLACRES, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ABM INDUSTRIES INCORPORATED, a Delaware corporation; ABM SECURITY SERVICES, INC., a California corporation; SECURITY SERVICES AMERICA, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. CV 07-5327-VAP (AGRx)<br><br>**[Motion filed on May 8, 2008]**<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S CLASS CERTIFICATION ORDER** |

   Defendants' Motion for Reconsideration of the Court's Class Certification Order came before the Court for hearing on June 2, 2008.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS the Motion.

**I. PROCEDURAL BACKGROUND**

Plaintiff Carlos Villacres filed a Complaint on August 15, 2007, on behalf of a putative class of employees of Defendants ABM Industries Incorporated, ABM Security Services, Inc., and Security Services America, Inc. Plaintiff filed a First Amended Complaint ("FAC") on September 26, 2007, alleging violations of California statutes, including provisions governing the payment of wages and appropriate meal and rest periods.

On December 17, 2007, Plaintiff filed a Motion for Class Certification and Appointment of Counsel, and Defendants filed their Opposition on January 9, 2008. Plaintiff's Reply brief indicated his intent to seek leave to amend his pleading, in order to drop all but one of his wage and hour claims -- the claim under California Labor Code section 226(e) for failure to provide accurate wage statements.

In light of Plaintiff's stated intention to narrow significantly his claims and the proposed class definition, the Court issued a Minute Order dated January 23, 2008, continuing the hearing on the Motion for Class Certification and ordering a briefing schedule on any motion for leave to amend the pleadings. The January 23, 3008, Minute Order also (1) provided Defendants with an opportunity to further brief the issue of class

certification in light of the narrower proposed class definition, and (2) ordered Plaintiff to show cause on the issue of subject matter jurisdiction under the Class Action Fairness Act.

    The parties briefed the issue of Plaintiff's request to file a Second Amended Complaint, and both sides also filed written responses on the issue of subject matter jurisdiction.  Defendants did not file further briefing on class certification.  At a hearing on February 25, 2008, the Court indicated to counsel that it was inclined to allow Plaintiff to file a Second Amended Complaint and to find that class certification of the remaining wage statement claim was appropriate.  Nevertheless, because of its continuing concern about subject matter jurisdiction, the Court ordered Defendants to disclose information about putative class members.  The Court reiterated its findings in a February 26, 2008, Minute Order, which also set forth the basis for its tentative ruling that class certification would be appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

    After the parties filed further briefing on the subject matter jurisdiction issue, counsel appeared for a scheduling conference on April 21, 2008.  The Court indicated that it was satisfied that subject matter

jurisdiction existed, and that its tentative rulings on the filing of a Second Amended Complaint and class certification would become final.  By Minute Order dated April 24, 2008, the Court granted Plaintiff's Motions for leave to file a Second Amended Complaint stating only a wage statement claim and to certify a class of employees.

Defendants filed a Motion ("Mot.") on May 8, 2008, seeking reconsideration of the Court's class certification order and requesting a stay of class notice pending consideration of jurisdiction.  In the alternative, Defendants' Motion requests certification of the Court's class certification order for interlocutory review under 28 U.S.C. § 1292(b).  Plaintiff filed Opposition ("Opp'n") on May 19, 2008, and Defendants filed their Reply on May 23, 2008.

## II. LEGAL STANDARD

The Central District's Local Rules allow a motion for reconsideration of the decision on any motion on the following three grounds:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of

>    new material facts or a change of law occurring after
>    the time of such decision, or (c) a manifest showing
>    of a failure to consider material facts presented to
>    the Court before such decision.

Local Rule 7-18.

### III. DISCUSSION

The Court's April 24, 2008 Order certified a class that included "all non-exempt security guards employed by Defendants from August 15, 2006 to the present." The certified class seeks relief for violations of California Labor Code section 226, which requires employers to provide accurate, itemized wage statements including information such as the gross wages earned, the total hours worked during the pay period, and all deductions. See Cal. Labor Code § 226(a). Labor Code section 226(e) provides:

>    An employee suffering injury as a result of a knowing
>    and intentional failure by an employer to comply with
>    subdivision (a) is entitled to recover the greater of
>    all actual damages or fifty dollars ($50) for the
>    initial pay period in which a violation occurs and
>    one hundred dollars ($100) per employee for each
>    violation in a subsequent pay period, not exceeding
>    an aggregate penalty of four thousand dollars

```
 1          ($4,000), and is entitled to an award of costs and
 2          reasonable attorney's fees.
 3
 4   Cal. Labor Code § 226(e).
 5
 6        Defendants' Motion requests reconsideration of the
 7   Court's class certification Order on grounds that the
 8   briefing process was marked by irregularity and that they
 9   should be given an opportunity for further briefing.  In
10   particular, Defendants have cited authority holding that
11   certification of a class is inappropriate where the
12   putative class seeks to recover statutory penalty amounts
13   only.  The parties also dispute whether Plaintiff must
14   make a showing concerning class-wide injury in order to
15   pursue class-action relief for a violation of Labor Code
16   section 226(e).  As set forth below, the Court agrees
17   that it should reconsider its class certification
18   decision and stay the issuance of class notice until
19   limited discovery and further briefing is conducted.
20
21        As an initial matter, the Court finds that
22   reconsideration is appropriate here, even though
23   Defendants have not established any of the three specific
24   grounds for reconsideration set forth in the Local Rules.
25   See Local Rule 7-18.  As Defendants recount in their
26   Motion, the class certification briefing process in this
27   case occurred against an unusual backdrop -- Plaintiff's
28
```

1  request to file an amended pleading and the Court's
2  continuing concern about subject matter jurisdiction
3  under the Class Action Fairness Act.  In light of this,
4  and because Defendants are not raising issues that
5  already have been argued to the Court, the Court will
6  consider the substance of Defendants' Motion.

8      Defendants have cited recent decisions by other
9  courts in the Central District denying class
10 certification in cases seeking penalties under the Fair
11 and Accurate Credit Transactions Act ("FACTA").  (Mot. at
12 3-4.)  Defendants argue that the reasoning of those
13 decisions should be applied to this case to preclude
14 certification of a class seeking only penalties under
15 Labor Code section 226(e).

17     In the FACTA cases, putative plaintiff classes sought
18 to recover statutory penalties for the printing of a
19 credit or debit card receipt containing more than the
20 last five digits of a consumer's account number or the
21 expiration date of the card.  See, e.g., Evans v. U-Haul
22 Co. of Cal., No. CV 07-2097-JFW (JCx), 2007 U.S. Dist.
23 LEXIS 82026, *2 (C.D. Cal. Aug. 14, 2007) (citing 15
24 U.S.C. § 1681c(g)).  FACTA provides for statutory damages
25 of $100 to $1,000 for each "willful" violation.  15
26 U.S.C. § 1681n.  In Evans, Judge Walter concluded that
27 the plaintiff could not satisfy Rule 23(b)(3)'s

7

1 requirement that proceeding as a class action be
2 "superior" to other methods of adjudication.  Evans, 2007
3 U.S. Dist. LEXIS 82026, at *7-8.  The lack of superiority
4 resulted from the "enormous" potential liability to the
5 defendant that would be "completely out of proportion to
6 any harm suffered by the plaintiff," raising a due
7 process concern for the defendant.  Id. at *10-11.
8 Plaintiffs in numerous other cases alleging similar class
9 claims under FACTA also have failed to obtain class
10 certification.  [Mot. at 3-4 (citing cases).]

12     Here, Plaintiff similarly seeks to recover penalty
13 amounts for Defendants' alleged failure to provide
14 accurate wage statements under Labor Code section 226(e).
15 That statute provides for a maximum recovery of $4,000
16 per employee, and Defendants have disclosed more than
17 4,000 potential class members.  (Plaintiff's Supplemental
18 Memorandum in Support of Subject Matter Jurisdiction,
19 filed April 10, 2008, at 8.)  The potential for
20 disproportionate penalty liability exists here, where the
21 actual damages suffered by Plaintiff and other class
22 members is difficult to discern.

24     In most wage and hour litigation, class members
25 allege a wage statement claim along with other claims for
26 improper payment of wages or improper wage deductions.
27 See, e.g., Wang v. Chinese Daily News, Inc., 435 F. Supp.

2d 1042 (C.D. Cal. 2006); Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (2005).  In those cases, the courts identified the injury caused by a failure to provide accurate wage statements by reference to the difficulty in challenging an overtime pay rate or in reconstructing time and pay records without such statements.  Wang, 435 F. Supp. 2d at 1050-51; see also Cicairos, 133 Cal. App. 4th at 955 ("If it is left to the employee to add up the daily hours shown on the time cards or other records so that the employee must perform arithmetic computations to determine the total hours worked during the pay period, the requirements of section 226 would not be met.") (quoting Department of Labor Standards Enforcement opinion letter).  Unlike the class members in Wang and Cicairos, however, the class members here are alleging only that they received inaccurate wage statements and have dropped all other wage and hour claims.  Since Plaintiff and his fellow class members do not challenge the amounts of their pay and do not otherwise have to reconstruct their pay records for purposes of this litigation, they do not appear to have a basis for alleging the type of injury under section 226(e) recognized by courts.

    Nevertheless, it is possible that Plaintiff can make some initial showing concerning injury, e.g., that he dropped his related wage and hour claims because the

alleged failure to provide accurate wage statements hampered his pursuit of those related claims.[1] Accordingly, the Court finds that further briefing on the issue of the class members' injury is necessary to determine whether such injury is disproportionately small compared with the available statutory penalty.[2]  The parties also may further brief the issue of whether Plaintiff must make some showing of injury to the class as a result of the alleged violation of Labor Code section 226(e).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Reconsideration, STAYS the issuance of notice to the class, and ORDERS Plaintiff to

---

[1] The Court is not persuaded by Plaintiff's contention that the mere failure to provide an accurate wage statement results in actual injury.  (Opp'n at 7:27-28.)

[2] Defendants have represented that the orders denying class certification in the FACTA cases are currently before the Ninth Circuit on appeal.  (Mot. at 1:16-18.) The Court would be inclined to stay its reconsideration of its class certification Order until the Ninth Circuit has ruled on the pending appeals, but it has not been able to confirm that the Ninth Circuit is likely to address this issue.  Of the cases cited by Defendants, the Ninth Circuit denied requests to consider appeals of interlocutory class certification orders in all but one of them, Soualian v. International Coffee and Tea LLC, CV 07-502-RGK (JCx).  In that case, however, the parties have entered into a proposed class settlement, and a final fairness hearing is scheduled in July 2008.  In another case, Najarian v. Charlotte Russe, Inc., CV 08-501-RGK (CTx), an order granting the defendant's summary judgment motion has been appealed, but it is unclear whether the denial of class certification is also at issue.

10

1  file a new Motion for class certification.  The Motion
2  shall be filed no later than November 3, 2008.
3  Defendants' Opposition shall be filed no later than 21
4  days after service of Plaintiff's Motion.  Plaintiff's
5  Reply shall be filed no later than 14 days after service
6  of the Opposition.  The hearing on the Motion shall be
7  noticed for the next available hearing date no earlier
8  than 14 days after the filing date for Plaintiff's Reply.

Dated: July 1, 2008

*/s/ Virginia A. Phillips*
VIRGINIA A. PHILLIPS
United States District Judge

11