Case 2:07-cv-05327-VAP-OP   Document 85   Filed 01/14/09   Page 1 of 8   Page ID #:1357

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILLACRES, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ABM INDUSTRIES INCORPORATED, a Delaware corporation; ABM SECURITY SERVICES, INC., a California corporation; SECURITY SERVICES AMERICA, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CV 07-5327-VAP (AGRx)<br><br>**[Motion filed on November 3, 2008 ]**<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION** |

    Plaintiff Carlos Villacres' ("Plaintiff") Renewed Motion for Class Certification ("Motion") came before the Court for hearing on January 12, 2009.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments

advanced by counsel at the hearing, the Court DENIES the Motion.

## I. BACKGROUND

**A.  California Labor Code section 226**

The instant Motion concerns claims brought under California Labor Code section 226. This provides in pertinent part:

> (a) Every employer shall . . . furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . .
>
> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

>      ($4,000), and is entitled to an award of
>      costs and reasonable attorney's fees.

### B. Procedural History

#### 1. Complaints

Plaintiff filed a Complaint on August 15, 2007, on behalf of a putative class of employees of defendants ABM Industries Incorporated, ABM Security Services, Inc., and Security Services America, Inc. ("Defendants.") Plaintiff filed a First Amended Complaint on September 26, 2007, alleging violations of California statutes, including provisions governing the payment of wages and appropriate meal and rest periods.

Plaintiff lodged a proposed Second Amended Complaint ("SAC") on February 1, 2008 and the Court granted Plaintiff leave to file a SAC in a Minute Order dated April 24, 2008 ("April 24 Minute Order"). Defendant answered the Second Amended Complaint on May 19, 2008.

#### 2. First Motion for class certification

On December 17, 2007, Plaintiff filed a Motion for Class Certification and Appointment of Counsel. After various proceedings, the Court confirmed jurisdiction. It then issued a Minute Order on February 26, 2008, setting forth the basis for its tentative ruling that class certification would be appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure. In the April 24

3

Minute Order, the Court granted (1) Plaintiff's Motion for leave to file a Second Amended Complaint stating only a wage statement claim and (2) Plaintiff's Motion to certify a class of employees.

### 3. Motion for reconsideration

Defendants filed a motion on May 8, 2008, seeking reconsideration of the Court's class certification order and requesting a stay of class notice pending consideration of jurisdiction. In a July 1, 2008 Order, the Court granted Defendants' Motion for reconsideration of the court's class certification order ("July 1 Order").

In the July 1 Order, the Court distinguished Plaintiff's claims from those brought by "class members in Wang and Cicairos" in that Plaintiff alleged only that he

> received inaccurate wage statements. . . Since Plaintiff and his fellow class members do not challenge the amounts of their pay and do not otherwise have to reconstruct their pay records for purposes of this litigation, they do not appear to have a basis for alleging the type of injury under section 226(e) recognized by courts.
>
> Nevertheless, it is possible that Plaintiff can make some initial showing concerning injury, e.g., that he dropped his related wage and hour claims because the alleged failure to provide accurate wage statements hampered his pursuit of those related claims. Accordingly, the

4

> 1  Court finds that further briefing on the
> 2  issue of the class members' injury is
>    necessary to determine whether such
> 3  injury is disproportionately small
>    compared with the available statutory
> 4  penalty. The parties also may further
>    brief the issue of whether Plaintiff must
> 5  make some showing of injury to the class
>    as a result of the alleged violation of
> 6  Labor Code section 226(e).

(July 1 Order at 9-10.)

When granting Defendants' Motion for reconsideration, the Court rejected "Plaintiff's contention that the mere failure to provide an accurate wage statement results in actual injury" of the kind recognized by courts. (July 1 Order 9, 10 n. 1.)

**4.   Renewed Motion for class certification**

Now before the Court is Plaintiff's Motion filed November 3, 2008. Defendants filed their Opposition ("Opp'n") on November 24, 2008, as well as comprehensive objections. Plaintiff filed his Reply on December 8, 2008, with opposition to Defendants' objections. The Court overrules all objections as moot, as they pertain to material the Court did not consider in reaching its decision.

Plaintiff does not provide a definition of the proposed class. The Court assumes Plaintiff seeks to certify the following class: "all non-exempt security

guards employed by Defendants from August 15, 2006 to the present" who received inaccurate wage statements.  (See April 24 Minute Order.)

## II. DISCUSSION

### A.   Scope of Requested Briefing

In the Court's July 1 Order, the Court noted it was "not persuaded by Plaintiff's contention that the mere failure to provide an accurate wage statement results in actual injury." (July 1 Order 10 n. 1.)  Nevertheless, the Court allowed it was "possible that Plaintiff can make some initial showing concerning injury, e.g., that he dropped his related wage and hour claims because the alleged failure to provide accurate wage statements hampered his pursuit of those related claims." Accordingly, the Court directed briefing on (1) "the issue of the class members' injury . . . to determine whether such injury is disproportionately small compared with the available statutory penalty" and (2) "whether Plaintiff must make some showing of injury to the class as a result of the alleged violation of Labor Code section 226(e)."  (July 1 Order 9-10.)

In his Motion, Plaintiff, however, re-argues the motion for reconsideration.  Plaintiff's Motion states the Court requested information about whether: "(1) . . . this Court [could] certify a penalty only class action;

6

1 and (2) must Plaintiff show actual damages to certify
2 under California Labor Code section 226."  (Mot. 4:21-
3 25.)[1]  Plaintiff is mistaken.  The Court's July 1 Order
4 clearly rejected Plaintiff's theory that provision of
5 inaccurate wage statements without a showing of actual
6 injury stated a claim under California Labor Code section
7 226.  (July 1 Order 9.)

**B.  Plaintiff's Showing**

    In his Motion, Plaintiff fails to make the required showing concerning injury.  (July 1 Order 9-10.)  He does not explain how the allegedly inaccurate wage statements changed his prosecution of other claims; nor does he otherwise allege actual injury.  For example, Plaintiff avers the proposed class satisfies the commonality requirement of Rule 23(a) of the Federal Rule of Civil Procedure because "the wage statements issued by Defendant: (1) do not show the total sum of hours worked; (2) do not show the inclusive dates of pay; and (3) do not show the legal entity that was the employer."  (Mot. 19:17-19.)  Likewise, Plaintiff argues a class action is the superior way to adjudicate the dispute because the "deficiencies identified by Plaintiff were common to all putative class members."  (Mot. 22:12-13.)  Plaintiff

---

[1] Accordingly, much of Plaintiff's Motion addresses issues not now before the Court, such as the meaning of "injury" under California Labor Code section 226.  (See Mot. 10- 17.)

does not aver class members suffered common actual injuries stemming from the alleged deficiencies.

As Plaintiff presents no facts showing actual injury, the Court concludes he does not "have a basis for alleging the type of injury under section 226(e) recognized by courts." (See July 1 Order 9.) The Court also finds Plaintiff fails to show actual injury to the class. (See July 1 Order 10.) Accordingly, the Court DENIES the request to certify the class and DENIES the Motion.

### III. CONCLUSION

The Court DENIES the Motion.

Dated: January 14, 2009

VIRGINIA A. PHILLIPS
United States District Judge